IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-00178-PAB-SKC

CHRISTOPHER M. TALMADGE,

    Plaintiff,

v.

BERKLEY NATIONAL INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion to Stay Ruling on Document #30 Pending the Colorado Supreme Court's Decision on the Certified Question of Law Regarding an Employee's Right to Pursue Underinsured Motorist Payments Under an Employer's Commercial Auto Policy When the Injured Worker Received Treatment under Colorado's Worker's Compensation Act [Docket No. 51]. The Court has jurisdiction under 28 U.S.C. § 1332.

**I.    BACKGROUND**

    **A.  Factual Background**[1]

On January 21, 2022, defendant Berkeley National Insurance Company ("BNIC") removed this case from the District Court for Denver County, Colorado. Docket No. 1. Plaintiff Christopher M. Talmadge asserts claims against BNIC for breach of contract, statutory bad faith under Colo. Rev. Stat. § 10-3-1116, and common law bad faith.

---

[1] The following facts are undisputed unless otherwise indicated.

Docket No. 7 at 8-9.  Mr. Talmadge alleges that his claims arise out of a motor vehicle collision with a third-party on December 14, 2018.  *Id*. at 1, ¶ 4.[2]

Mr. Talmadge was an employee of Kinetic Energy ("KE") at the time of the accident.  Docket No. 30 at 4, ¶ 4; Docket No. 39 at 3, ¶ 4.  KE insured its motor vehicles under a BNIC policy, providing underinsured motorist coverage ("UIM") in the amount of $1,000,000.[3]  Docket No. 30 at 4, ¶ 4; Docket No. 39 at 3, ¶ 4.  After receiving written authorization and consent from BNIC, Mr. Talmadge settled his liability claims with the third-party tortfeasor's insurance carrier for the tortfeasor's policy limits.  Docket No. 30 at 4, ¶ 3; Docket No. 39 at 3, ¶ 3.  KE also provides workers' compensation insurance to its employees pursuant to the Colorado Worker's Compensation Act ("WCA").  Docket No. 30 at 4, ¶ 6; Docket No. 39 at 3, ¶ 6.  As a result of the December 14, 2018 incident, Mr. Talmadge "treated under Kinetic Energy's workers' compensation policy."[4]  Docket No. 30 at 4, ¶ 7; Docket No. 39 at 3, ¶ 7.  Mr. Talmadge subsequently made a UIM claim under BNIC's policy.  Docket No. 30 at 4, ¶ 8; Docket No. 39 at 3, ¶ 8.

---

[2] The parties do not indicate whether Mr. Talmadge was driving the vehicle at the time of the collision.  The parties state that Mr. Talmadge's injuries "arose out of the use of an automobile."  Docket No. 30 at 3, ¶ 2; Docket No. 39 at 3, ¶ 2.
[3] The BNIC policy indicates that it provides UIM coverage of $1,000,000 for "Each 'Accident.'"  Docket No. 30-2 at 2.
[4] The parties do not precisely explain what "treated under" means.  However, defendant's cited exhibit indicates that Mr. Talmadge filed a worker's compensation claim that was paid.  *See* Docket No. 30-3 (screenshot of Mr. Talmadge's portal with the worker's compensation insurance company showing that Mr. Talmadge made a claim under the policy and various medical bills were paid between January 28, 2019 and February 5, 2019).

2

### B. Procedural History and Certified Question of Law

On December 12, 2022, BNIC filed a motion for summary judgment on all claims in this case, arguing that the WCA bars Mr. Talmadge from recovering UIM damages from his employer's insurance policy for injuries caused by a third-party tortfeasor. Docket No. 30 at 4-19.[5] In support of its motion for summary judgment, BNIC cites a decision from the Colorado Supreme Court, *Ryser v. Shelter Mut. Ins. Co.*, 480 P.3d 1286 (Colo. 2021), and a decision from this district, *Ward v. Acuity*, 591 F. Supp. 3d 1003 (D. Colo. 2022), *vacated and remanded*, 2023 WL 4117502 (10th Cir. June 22, 2023) (unpublished). *Id*. at 5. In *Ryser*, the Colorado Supreme Court held that the WCA bars an injured employee from bringing a UIM claim against his employer's UIM insurance carrier for damages stemming from a work-related accident caused by a "co-employee." *Ryser*, 480 P.3d at 1292-93. In *Ward*, the district court held that the WCA bars an employee from "recovering UM/UIM benefits from his employer's insurance carrier after he has received workers' compensation, even where his injury was caused by a third-party tortfeasor." *Ward*, 591 F. Supp. 3d at 1007-08.

On January 11, 2023, Mr. Talmadge filed a response opposing the motion for summary judgment. Docket No. 39. Mr. Talmadge argues that summary judgment should be denied because the district court's decision in *Ward* was incorrectly decided; *Ryser* involved a distinguishable factual situation, namely, the at-fault driver was a co-employee, not a third-party tortfeasor; and other decisions in this district have held that the WCA does not bar an employee's claim for UIM benefits for damages caused by a

---

[5] BNIC also filed a motion to exclude certain opinions of plaintiff's expert Michael Rosenburg pursuant to Fed. R. Evid. 702. Docket No. 28.

3

third-party tortfeasor.  *Id*. at 5 (citing *Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2020 WL 9424250 (D. Colo. Jan. 3, 2020)).

In a recent case, Magistrate Judge N. Reid Neureiter discussed the conflicting decisions within this district on the interplay between the WCA and the UIM statute when an employee is injured by a third-party tortfeasor.  *Klabon v. Travelers Prop. Cas. Co. of Am.*, No. 22-cv-02557-NRN, 2023 WL 3674970, at *1-4 (D. Colo. May 26, 2023) (collecting cases).  Magistrate Judge Neureiter therefore certified the following question of law to the Colorado Supreme Court on May 26, 2023:

> Whether an employee injured in the course of his employment by the acts of an underinsured or uninsured third-party tortfeasor, and who receives worker's compensation benefits as a result, is barred, under Colorado's Workers' Compensation Act, Colo. Rev. Stat. § 8-41-104, from bringing suit against his employer's UM/UIM insurer?

*Id*. at *5.  The Colorado Supreme Court accepted certification of the question of law on June 6, 2023.  Docket No. 51-3.  The Colorado Supreme Court ordered the following briefing schedule: opening brief due July 18, 2023; answer brief due 35 days from the opening brief; and reply brief due 21 days from the answer brief.  *Id*. at 1-2.

On June 22, 2023, in an unpublished decision, the Tenth Circuit Court of Appeals reversed the district court's decision in *Ward*, holding that the WCA did not bar "Mr. Ward's contractual right to [UIM] benefits for injuries caused by an uninsured third party."  *Ward*, 2023 WL 4117502, at *9.  The majority noted that the Colorado Supreme Court recently accepted certification of the question of law in *Klabon*, but stated that the "parties haven't asked us to wait for the Colorado Supreme Court to decide the issue."  *Id*. at 1 n.1.

4

On June 26, 2023, BNIC filed a motion requesting that the Court stay any ruling on its motion for summary judgment, pending the Colorado Supreme Court's decision on the certified question of law in *Klabon*.  Docket No. 51.  On July 11, 2023, Mr. Talmadge filed a response opposing any stay of the proceedings.  Docket No. 52.  On July 25, 2023, BNIC filed a reply.  Docket No. 53.

## II.     LEGAL STANDARD

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  A stay may, however, be appropriate in certain circumstances.  Courts in this district consider the following factors (the "*String Cheese Incident* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1

5

(citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

### III. ANALYSIS

BNIC argues that the Court should stay any ruling on the motion for summary judgment because "the certified question pending before the Colorado Supreme Court will be dispositive of the issues raised in BNIC's [motion]." Docket No. 51 at 3. BNIC asserts that a stay would serve the interests of justice and would not be an undue burden on any party because discovery is closed and trial is not set to commence for ten months. *Id*. at 3-4. Mr. Talmadge argues that a stay is unnecessary because "there is sufficient legal precedent for the court to issue a ruling and because the court has no obligation to wait on the results of the certification." Docket No. 52 at 4. Mr. Talmadge argues that Colorado appellate courts, the Tenth Circuit, and courts across the country have established that an employee who is injured by a third-party tortfeasor is entitled to both worker's compensation benefits and UIM benefits. *Id*. at 4-5. Neither party directly addresses the *String Cheese Incident* factors.

The Court finds that the first two *String Cheese Incident* factors weigh in favor of a stay. BNIC argues that the certified question of law pending before the Colorado Supreme Court will be dispositive of the issues in this case. Docket No. 51 at 3. The parties completed discovery in this case, *see* Docket No. 48 at 23, and trial is set for April 29, 2024. Docket No. 49. Mr. Talmadge has identified no prejudice that would result from the Court staying this case pending the Colorado Supreme Court's consideration of the certified question of law. The Colorado Supreme Court's decision

6

on the certified question of law could also reduce unnecessary litigation expenses for both parties.

The Court finds that the third factor, the convenience to the Court, weighs in favor of a stay of the proceedings. The dispositive legal issue in this case is currently certified to the Colorado Supreme Court. *See* Docket No. 51-3 at 1. In certifying the question, Magistrate Judge Neureiter explained that this legal issue, involving the interplay between the WCA and the UIM statute, "raises precisely the kind of question of statutory interpretation and public policy that calls for resolution by Colorado's high court." *Klabon*, 2023 WL 3674970, at *1. Magistrate Judge Neureiter discussed the conflicting decisions within this district and Colorado courts, *id.* at *1-4, and concluded that the court had no "controlling precedent to resolve an important Colorado public policy question which stands to have significant impact on Colorado workers' compensation beneficiaries." *Id.* at *5. According to the Colorado Supreme Court's briefing schedule, the *Klabon* parties' briefing on the certified question of law will be completed in September 2023. *See* Docket No. 51-3 at 1-2. The Court finds that a stay, pending the Colorado Supreme Court's disposition of the certified question of law, would conserve judicial time and resources.

The Court is unaware of any interests of non-parties. The Court therefore finds that factor four is neutral. With respect to factor five, the public has an interest in the "efficient and just" resolution of legal disputes. *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). As Magistrate Judge Neureiter discussed, this legal issue is appropriately decided by the Colorado Supreme Court because it involves an important Colorado public policy question. *See Klabon*,

7

2023 WL 3674970, at *5 (discussing how "[w]orkers' compensation statutes and claims are usually considered to be solely within the province of state courts."). While there is a public interest in the expeditious resolution of this case, there is also a public interest in the efficient use of judicial resources. The Court therefore finds that the fifth factor weighs in favor of allowing the Colorado Supreme Court to decide the certified question of law before this Court rules on the dispositive motions.

This case presents a rare circumstance where a stay of proceedings is warranted. Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time. *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the arbitration proceedings would last for an indefinite period of time). Administrative closure is "the practical equivalent of a stay." *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)). Because this case will be stayed for an unknown period of time pending the Colorado Supreme Court's decision on the certified question of law, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. The Colorado Supreme Court's ruling on the certified question of law will constitute "good cause."

Accordingly, the Court will deny without prejudice Berkley National Insurance Company's Motion for Summary Judgment Pursuant to the Workers' Compensation

Act's Exclusivity and Immunity Principles [Docket No. 30] and Berkley National Insurance Company's Motion to Exclude Certain Testimony of Plaintiff's Expert Michael Rosenberg Pursuant to Fed. R. Evid. 702 [Docket No. 28]. *See* D.C.COLO.LCivR 41.2 ("Administrative closure of a civil action terminates any pending motion."). BNIC may re-file the motion for summary judgment and the 702 motion after the Colorado Supreme Court decides the certified question of law.

IV.   CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion to Stay Ruling on Document #30 Pending the Colorado Supreme Court's Decision on the Certified Question of Law Regarding an Employee's Right to Pursue Underinsured Motorist Payments Under an Employer's Commercial Auto Policy When the Injured Worker Received Treatment under Colorado's Worker's Compensation Act [Docket No. 51] is **GRANTED**. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed. Either party may move to reopen the case for good cause. It is further

**ORDERED** that the parties shall file a **status report** with the Court within **21 days** of the Colorado Supreme Court's ruling on the certified question of law in *Klabon v. Travelers Prop. Cas. Co. of Am.*, No. 22-cv-02557-NRN. It is further

**ORDERED** that Berkley National Insurance Company's Motion for Summary Judgment Pursuant to the Workers' Compensation Act's Exclusivity and Immunity Principles [Docket No. 30] is **DENIED without prejudice**. It is further

9

**ORDERED** that Berkley National Insurance Company's Motion to Exclude Certain Testimony of Plaintiff's Expert Michael Rosenberg Pursuant to Fed. R. Evid. 702 [Docket No. 28] is **DENIED without prejudice**.

DATED August 17, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge